# United States District Court
# Northern District of Indiana

| | |
|---|---|
| DEMOND CARR, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 3:09-CV-301 JVB<br>)<br>) |
| CORRECTIONAL MEDICAL SERVICES,<br>GERALD MYERS, DIANE KAMINSKY,<br>and ELTON AMOS, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## OPINION AND ORDER

Demond Carr, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. "A document filed pro se is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). As the Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is

> not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. . . .
>
> [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S.---; 129 S. Ct. 1937, 1949-50 (2009).

In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law. *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Here, Carr brings federal claims for the denial of medical care under the Eighth Amendment. (DE 1.) In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features

2

chronic and substantial pain. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005); *Gutierrez*, 111 F.3d at 1373. Deliberate indifference is "something approaching a total unconcern for a prisoner's welfare in the face of serious risks," or a "conscious, culpable refusal" to prevent harm. *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Negligence, incompetence, or even medical malpractice do not amount to deliberate indifference. *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004); *Walker v. Peters*, 233 F.3d 494, 499 (7th Cir. 2000). For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).

Here, Carr alleges that he did not receive adequate treatment for an "agonizing skin condition" he has had since July 2008. (DE 1 at 3.) Carr does not provide detail about the nature of this skin condition in the complaint itself, but the documents he attaches to the complaint reveal that Carr's skin condition is acne. For instance, in grievance forms, Carr complained that "[m]y face is breaking out spontaneously," and requested, among other things, "some powerful bump stopping cream." (DE 1-2.) Although it may be uncomfortable or unpleasant, acne does not constitute a serious medical need for purposes of the Eighth Amendment. *See Thomas v. Vaisvilas*, No. 3:07cv205, 2009 WL 1307574, at *8 (N.D. Ind. May

3

8, 2009) (skin problems like acne, rash, or spots do not constitute a serious medical need); *Hudgins v. DeBruyn*, 922 F. Supp. 144, 148 (S.D. Ind. 1996) (acne not a serious medical need); *Ware v. Fairman*, 884 F. Supp. 1201, 1206 (N.D. Ill. 1995) (acne was not a condition sufficiently serious to support claim for Eighth Amendment violation). Therefore, Carr's claims fail the first prong of the Eighth Amendment analysis.

Even assuming Carr could allege a serious medical need, he has failed to allege facts showing deliberate indifference. At best, he alleges negligence or a difference of opinion over his treatment. The documents he attaches to his complaint show that he was seen by medical personnel on several occasions for his acne, given special soap, and prescribed antibiotics. (DE 1-2.) Although Carr wanted a consulting examination by a dermatologist, "[u]nder the Eighth Amendment, [a prisoner] is not entitled to demand specific care," nor is he entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Based on the complaint and its attachments, Carr has fallen short of alleging the type of conduct that would rise to the level of deliberate indifference.

For the foregoing reasons, the Court **DISMISSES** the complaint pursuant to 28 U.S.C. § 1915A.

**SO ORDERED** on November 23, 2009.

    s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United State District Judge
Hammond Division