# United States District Court
# Northern District of Indiana

| | | |
|---|---|---|
| DEMOND CARR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:09-CV-301 JVB |
| | ) | |
| CORRECTIONAL MEDICAL SERVICES, | ) | |
| GERALD MYERS, DIANE KAMINSKY, | ) | |
| MARK LEVENHAGEN, ED BUSS, | ) | |
| and ELTON AMOS, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Demond Carr, a *pro se* prisoner, filed an amended complaint under 42 U.S.C. § 1983. (DE 21.) Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). The court applies the same standard as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. In determining whether the complaint states a claim, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Here, Carr brings claims for the denial of medical care under the Eighth Amendment. (DE 21.) Carr names the following defendants: Correctional Medical Services, Inc. ("CMS"); Dr. Gerald Myers; Nurse Practitioner Diane Kaminsky; CMS Regional Director Elton Amos; Indiana Department of Corrections ("IDOC") Commissioner Edwin Buss; and Indiana State Prison ("ISP") Warden Mark Levenhagen. (DE 21-2 at 1.)

In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005); *Gutierrez*, 111 F.3d at 1373. Deliberate indifference is "something approaching a total unconcern for a prisoner's welfare in the face of serious risks," or a "conscious, culpable refusal" to prevent harm. *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Negligence, incompetence, or even medical malpractice do not amount to deliberate indifference. *Pierson v. Hartley*, 391 F.3d 898,

2

902 (7th Cir. 2004); *Walker v. Peters*, 233 F.3d 494, 499 (7th Cir. 2000). For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).

Here, Carr alleges that he has not received adequate medical treatment for a skin condition he has had since July 2008. (DE 21 at 3.) Although Carr states that the skin condition began as ordinary acne, Carr's complaint and the documents he attaches thereto indicate that the condition has worsened considerably over time. (*See* DE 21, 21-2, 21-3, 21-4.) Carr states that the condition has developed into "knots" growing on his back, chest, chin, neck, jaw bone, and other areas of his body, which cause him intense pain. (DE 21-4.) He states that these knots sometimes bleed and leak pus, and that they have caused his neck to swell, making it difficult for him to chew food or move his neck. (DE 21-4 at 14.) Giving Carr the inferences to which he is entitled at this stage, he has alleged a serious medical need for purposes of the Eighth Amendment. The court must then determine whether Carr has alleged deliberate indifference to this serious medical need by each of the defendants.

Carr alleges that Dr. Myers was "unprofessional" in his approach to treating Carr's condition and prescribed medication that did not help him. At most, Carr has alleged malpractice or negligence against Dr. Myers, since it is apparent from the complaint that Dr. Myers saw Carr on multiple occasions and tried various medications to resolve his skin problem. Although Carr disagrees with the treatment Dr. Myers provided, nothing in the complaint supports an inference that Dr. Myers acted in an intentional or criminally reckless manner in failing to provide him

3

adequate medical care. Even giving the complaint liberal construction, Carr has not alleged an Eighth Amendment claim against Dr. Myers.

With respect to Kaminsky, a nurse practitioner, Carr alleges that she was more than just careless or negligent, as he claims that she twice prescribed the same medications Dr. Myers had prescribed, even after Carr told her that they did not work and had actually made his condition worse. He further alleges that the medications she prescribed did in fact exacerbate his condition, causing him significant pain. Giving Carr the inferences to which he is entitled at this stage, Carr has alleged an Eighth Amendment claim against Kaminsky, and he will be permitted to proceed on a claim against her in her individual capacity for compensatory and punitive damages.

Car next alleges that the CMS Regional Director, Amos, is liable as the supervisor of Kaminsky and Dr. Myers. As the Seventh Circuit has explained:

> The doctrine of *respondeat superior* can not be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights. Supervisory liability will be found, however, if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it. That is, to be liable for the conduct of subordinates, a supervisor must be personally involved in that conduct. Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable. The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference.

*Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citations and internal quotation marks omitted). Carr does not allege, and based on this complaint it would not be reasonable to infer, that Amos had any personal knowledge of the treatment he was receiving for his skin condition. Instead, the only allegation pertaining to Amos is that he is responsible for the oversight of medical care at the prison. Carr has failed to state a claim against Amos.

4

With respect to the claim against CMS, a corporate entity acting under color of state law "violates an inmate's constitutional rights if it maintains a policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners." *Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). Carr appears to be trying to hold CMS liable simply because it is the entity which employed the medical personnel who provided his treatment. He does not allege the existence of a CMS policy or practice that allegedly violated his rights, nor is it reasonable to infer that an official policy or practice played a role in the alleged denial of medical treatment. Accordingly, the claim against CMS will be dismissed.

As for DOC officials Levenhagen and Buss, Carr does not allege, nor is it reasonable to infer from the complaint, that either of these officials played a direct role in the provision of medical care, but Carr nonetheless asserts that they had personal involvement sufficient to trigger liability under Section 1983 because he sent them letters complaining about his treatment. "Section 1983 does not establish a system of vicarious responsibility" and "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 593 (7th Cir. 2009). As the Seventh Circuit has explained:

> Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under §1983 for not being ombudsmen. [The] view that everyone who knows about a prisoner's problem must pay damages implies that [a prisoner] could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right. The Governor, and for that matter the Superintendent of

5

> Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care.

*Id.* at 595.

Nothing in the complaint indicates that Levenhagen and Buss did anything to cause or exacerbate Carr's medical problems, nor did they stand in the way of his treatment. At most, he alleges that they knew about his problem, which as indicated above does not state a claim for a constitutional violation. To the extent Carr is attempting to hold Levenhagen and Buss liable as supervisors of the medical personnel who treated him, there is nothing in the complaint to indicate that they were in fact supervising medical personnel, since the complaint indicates instead that the medical personnel were employees of CMS. Moreover, as noted above, Carr was under the treatment of medical staff during this period, and non-medical prison officials cannot be held liable for deferring to their judgment. *Id.* at 596 ("[A] layperson's failure to tell the medical staff how to do its job cannot be called deliberate indifference . . . ."); *Greeno*, 414 F.3d at 656 ("If a prisoner is under the care of medical experts a non-medical prison official will generally be justified in believing that the prisoner is in capable hands."). For these reasons, Carr fails to state a claim against these defendants.

Carr also moves for the appointment of counsel. (DE 22.) Indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). However, the court may in its discretion appoint counsel under 28 U.S.C. § 1915. The Seventh Circuit has directed:

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?

*Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). When a litigant fails to satisfy the first inquiry, the court is justified in denying the motion. *Jackson*, 953 F.2d at 1073. Carr does not address this first prong, and there is nothing in the motion to indicate that he has made any efforts to obtain counsel on his own. Accordingly, the motion will be denied. However, the court will direct the clerk to send Carr ten copies of this screening order so that he can enclose them in his letters to attorneys asking them to represent him in this case.

As a final matter, Carr moves for leave to file his amended complaint. (DE 21.) Because this court already granted him to leave to file an amended complaint, there was no need for Carr to file a motion requesting this relief. (*See* DE 20, 21.) Accordingly, the motion will be denied as unnecessary, and the court will direct the clerk to file Carr's amended complaint and the documents attached thereto (DE 21-2).

For the foregoing reasons, the Court:

(1) **DENIES** the motion for appointment of counsel (DE 22);

(2) **DENIES** the motion for leave to file an amended complaint (DE 21) as unnecessary;

(3) **DIRECTS** the clerk to file Carr's amended complaint and the attachments thereto (DE 21-2), and to send Carr ten copies of this screening order;

(4) **GRANTS** Carr leave to proceed on his Eighth Amendment claim against Diane Kaminsky in an individual capacity for compensatory and punitive damages for twice prescribing him medication that she was told had already made his condition worse;

(5) **DISMISSES** all other claims;

(6) **DISMISSES** Mark Levenhagen, Ed Buss, Gerald Myers, Elton Amos, and Correctional Medical Services, Inc.;

7

(7) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Diane Kaminsky; and

(8) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Diane Kaminsky respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claim for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED** on February 1, 2010.

s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division
