# United States District Court
# Northern District of Indiana

| | |
|---|---|
| DEMOND CARR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 3:09-CV-301 JVB |
| v. | ) |
| | ) |
| DIANE KAMINSKY, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Demond Carr, a *pro se* prisoner, has filed three separate motions seeking reconsideration of the court's order dismissing his case for failure to exhaust administrative remedies. (DE 49, 50, 51.) The motions contain overlapping arguments, but in essence Carr argues in two of the motions that he could not "litigate his civil suit effectively" because he was "stressed," on medication, and did not fully grasp the importance of responding to the defendant's exhaustion argument. (DE 51 at 1; DE 50 at 1-2.) As was fully explained in the prior order denying Carr's request for the appointment of counsel, throughout these proceedings—as well as in the present motions—Carr has appeared fully literate, coherent, and capable of raising cogent arguments in support of his position. (*See* DE 47 at 1-3.) Moreover, Carr filed a response to the summary judgment motion specifically responding to the exhaustion issue. (DE 44.) The fact that his argument was ultimately unavailing does not mean that he was incapable of representing himself or that the court should vacate the judgment and allow him to "try again." Accordingly, these motions will be denied.

In the third motion, Carr argues that his case should not have been dismissed on exhaustion grounds because he did not know that the prison had a two-step grievance process. (DE 49.) He faults the prison for not providing better notification to prisoners of the process.

This argument was not raised in Carr's response to the summary judgment motion, and a motion to reconsider is not the place to raise new arguments. *See Havoco of Am., Ltd. v. Sumitomo Corp. of Am.*, 971 F.2d 1332, 1336 (7th Cir. 1992) (post-judgment motions to alter or amend "cannot be used to raise new arguments which could and should have been raised before judgment was entered."). Assuming this argument can be properly raised at this stage, it is unavailing. The record shows that the grievance responses themselves advised Carr that if he was not satisfied with the prison's response he had a right to appeal. (*See* DE 40-2 at 8, 11.)

For these reasons, the motions (DE 49, 50, 51) are **DENIED**.

**SO ORDERED** on June 24, 2010.

 s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division